UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONY PHILLIP ROGERS,

Petitioner,

v. Case No. 17-C-446

PAUL KEMPER,

Respondent.

---

**ORDER**

---

On March 29, 2017, Tony Phillip Rogers filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Rogers was convicted in Milwaukee County Circuit Court following a jury trial of four counts of first degree sexual assault of a child and one count of incest with a child. He was sentenced to a total of 25 years of initial confinement followed by 15 years of extended supervision. He is currently incarcerated at Racine Correctional Institution. Rogers claims he lacks the funds to pay the $5.00 filing fee and has filed a motion to proceed *in forma pauperis*. After reviewing a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his petition, it appears Rogers lacks the funds to pay the filing fee. Leave to proceed *in forma pauperis* therefore will be granted.

Pursuant to Rule 4 of the Rules Governing § 2254 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not

dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2254 Proceedings. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2254.

Rogers exhausted three possible issues during the state court appeals process: (1) ineffective assistance of counsel for failing to seek admission of the victim's mental health records; (2) trial court error for denying his request to introduce other acts evidence at trial in an attempt to show prior fabrication by the victim; and (3) trial court error for denying his motion for a mistrial after his jail-issued wristband became viable to the jury. He now presents seven grounds for relief in his habeas petition, although a review of the petition reveals the additional claims, to the extent they are valid at all, appear to simply be restatements of the three exhausted claims. Rogers' unexhausted claims—an Eighth Amendment claim for being forced to wear a jail wristband during pretrial custody and an ineffective assistance of counsel claim for failure to immediately object to and move for a mistrial due to the presence of the wristband—will be dismissed as plainly meritless. The Eighth Amendment claim does not challenge the constitutionality of his conviction or sentence and thus is not appropriately decided in a Section 2254 claim. Rogers' claim that his attorney was ineffective in failing to immediately move for a mistrial when his jail wristband was displayed to the jury has no merit because his attorney did object and move for a mistrial. The trial court denied the motion and was affirmed by the court of appeals. There is no more counsel could have done. Therefore, I will proceed to screen Rogers' three exhausted claims.

**A. Ineffective Assistance of Counsel**

Rogers claims that his trial counsel was ineffective for failing to obtain the medical/mental

health records of the victim for use in trial, or at the very least for failing to file a motion to allow for an in camera review of the victim's medical records. Specifically, Rogers asserts that his attorney should have made the request because he learned that the victim had been briefly admitted into a psychiatric hospital and because the victim wrote a letter which indicated she was in need of mental health assistance and was hearing voices. Ineffective assistance of counsel deprives a defendant of his Sixth Amendment right to counsel and is therefore a proper ground for relief under 28 U.S.C. § 2254. To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel was deficient in his performance and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance requires demonstrating that the lawyer's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *Id.* at 687–88. To establish prejudice, a petitioner must show that there is a reasonable probability that but for his lawyer's deficient performance, the result of the proceeding would have been different. *Id.* at 694.

On direct appeal, the Wisconsin Court of Appeals rejected this argument on the ground that trial counsel would have been unable to make the preliminary showing of materiality of the victim's medical records that is required for an in camera review. In Wisconsin, a defendant may obtain in camera inspection of a victim's privileged medical records by making a preliminary showing on a specific factual basis that the records are material to the defense and that there is a reasonable likelihood that the records will be necessary to a determination of guilt or innocence. *See State v. Shiffra*, 175 Wis. 2d 600, 499 N.W.2d 719 (Ct. App. 1993); *State v. Green*, 2002 WI 68, 253 Wis. 2d 356, 646 N.W.2d 298. The Court of Appeals characterized Rogers' basis for an in camera review of the victim's medical records as simply linking a series of guesses:

> He jumps from the fact that the victim was hospitalized to his speculation that she must have mental health records and that they will show that she suffered "from a mental illness" and that it would be the type of mental illness that would somehow make it "more likely that she had fabricated or misremembered the events" at issue, which would have a great impact on the jury. However, he offers no "fact-specific evidentiary showing" of relevance.

*State v. Rogers*, No. 2015 AP921–CR, 2016 WI App 41, ¶ 23, 369 Wis. 2d 223, 880 N.W.2d 183 (April 12, 2016) (citations omitted).

This appears to possibly misstate the evidence that was available to Rogers in support of a motion for in camera review of the victim's medical records. Not only did trial counsel receive information that the victim had been admitted to a psychiatric hospital, but the victim's letter allegedly indicated that she was in need of mental health assistance and was "[a]lways hearing voices . . ." *Id.* at ¶ 4. At this stage, I cannot determine whether the decision to deny Rogers' ineffective assistance of counsel claim was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Of course, all of this evidence and the alleged linkage may have been discussed at length during the pretrial hearing addressing the scope of defense counsel's cross examination of the victim. Without more information, however, I am unable to say Rogers is entitled to no relief. This claim will therefore remain.

**B. Other Acts Evidence**

Rogers next argues that the trial court erred by denying his request to introduce evidence from a witness who claimed that the victim had previously lied about witnessing another friend being molested and about being physically abused by her mother. The Wisconsin Court of Appeals first held that Rogers failed to preserve the affidavit in his record on appeal and thus must assume that the missing affidavit supported the trial court's ruling to exclude it under *Fiumefreddo v. McLean*,

174 Wis. 2d 10, 27, 496 N.W.2d 226 (Ct. App. 1993). The Court of Appeals also found that even if the affidavit was available, it was offered for the purpose of showing that the victim was a liar, which is prohibited under Wis. Stat. § 906.08(2). The trial court nevertheless allowed defense counsel to question the victim about the allegations contained within the affidavit.

On the record before me, I am unable to determine whether Roger's claim challenging the trial court's ruling has merit. Evidence that a complaining witness in a sexual assault case has previously made false accusations of sexual assault against another would seem relevant to the complaining witness's credibility, and it has been argued that the refusal to allow such evidence may deprive a defendant of his right of confrontation or due process. *See Boggs v. Brigano*, No. 94-4000, 1996 WL 160822 (6th Cir. April 4, 1996) (unpublished opinion) (Rosen, J., writing separately). Accordingly, this claim will be allowed to proceed as well.

**C. Motion for Mistrial**

Finally, Rogers claims that the trial court erred when it denied his motion for a mistrial after his jail-issued wristband became visible to the jury. The Supreme Court has held that a defendant's 14th Amendment right to a fair trial is violated when the state compels the defendant to stand trial in prison garb because the garb serves to undermine his presumption of innocence. *Estelle v. Williams*, 425 U.S. 504–07 (1976). The Court noted that rather than implementing a rule that a defendant's right to a fair trial is violated whenever the jury sees the defendant in prison garb, the lower courts "have recognized that the particular evil proscribed is compelling a defendant, against his will, to be tried in jail attire. The reason for this judicial focus upon compulsion is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments." *Id.* at 507–08. The Seventh Circuit addressed a similar issue in *United States v.*

*Rutledge*, where a defendant raised his handcuffs in an exaggerated manner so that jurors in the hallway would be able to see he was wearing them. 40 F.3d 879, 884 (7th Cir. 1994), *rev'd on other grounds by Rutledge v. United States*, 517 U.S. 292 (1996). The Court rejected the argument that "prejudice automatically inheres in a trial when a juror inadvertently sees a defendant in handcuffs," and concluded that any prejudice the defendant suffered was due to his own actions. *Id.* at 884–85.

Here, defense counsel attempted to ask the court to remove the jury so that the wristband issue could be addressed outside of their presence. While the jury was still in the courtroom, Rogers exclaimed that he wanted the wristband removed. The trial court denied Rogers' motion for a mistrial on the grounds that any particular juror attention drawn to the wristband was due to Rogers' intentional conduct. After the band was removed and the trial continued, another wristband was discovered and the court learned that Rogers had several other wristbands—seemingly in an attempt to intentionally cause a mistrial. Accordingly, the trial court's decision to deny Rogers' motion for a mistrial was not contrary to or an unreasonable application of clearly established federal law and thus this claim will be dismissed.

## CONCLUSION

**IT IS ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

**IT IS FURTHER ORDERED** that Petitioner's ineffective assistance of counsel claim based on his attorney's failure to obtain the victim's medical/mental health records or file a motion for an in camera review of the records remains. His claim that the trial court deprived him of his constitutional rights by ruling inadmissible evidence of prior false accusations by the complaining witness also remains. All other claims are dismissed.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that upon consideration of the Respondent's answer or motion, the court will determine whether further briefing is required. Petitioner may of course file a reply to the Respondent's answer or other filing within 30 days thereafter.

Dated this 4th day of April, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court